## NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

## JEFFERSON ELECTRIC COMPANY, a DIVISION OF LITTON SYSTEMS, INC., Respondent.

### No. 85–5360.

United States Court of Appeals, Sixth Circuit.

Argued Jan. 17, 1986.

Decided Feb. 24, 1986.

Elliott Moore, Deputy Associate General Counsel N.L.R.B., Washington, D.C., Barbara Atkin (argued), for petitioner.

Ralph E. Kennedy, Beverly Hills, Cal., for respondent.

Before JONES and NELSON, Circuit Judges; and PECK, Senior Circuit Judge.

PER CURIAM.

This case is before us on the application of the National Labor Relations Board to enforce its order. The administrative law judge found that the Jefferson Electric Company committed a violation of section 8(a)(3) of the National Labor Relations Act, 29 U.S.C. § 158(a)(3) (1982), when it discharged an employee who had campaigned actively for a union. The Board upheld the decision of the ALJ on the ground that the

General Counsel established a prima facie showing that the employee's union activity was a motivating factor in the discharge and the company had not carried its burden of demonstrating that the employee would have been discharged absent her union activity. *See NLRB v. Transportation Management Corp.*, 462 U.S. 393, 398–401, 103 S.Ct. 2469, 2472, 2474, 76 L.Ed.2d 667 (1983).

On consideration of the record, briefs and arguments, we find that the Board's findings of fact are supported by substantial evidence. *See* 29 U.S.C. § 160(e); *NLRB v. United Insurance Co.*, 390 U.S. 254, 260, 88 S.Ct. 988, 991, 19 L.Ed.2d 1083 (1968). We therefore GRANT enforcement of the Board's order.

DAVID A. NELSON, Circuit Judge, concurring.

I concur in the opinion and judgment of the court, but write separately to express the view that the evidence on which the agency found a violation of the statute passes the "substantiality" test by only the narrowest of margins.